IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.: 15-CR-152-RBJ

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUIS ALFONSO ARAGON GALLEGOS,

Defendant.

ORDER OF DETENTION

This matter came before the Court for a detention hearing on April 14, 2015. Assistant United States Attorney Heldmyer represented the Government and Ms. Colleen Scissors represented the Defendant. After considering:

The contents of the file;
The indictment;
The pretrial services report;
The Department of Homeland Security hold placed on Defendant;
The arguments of Counsel and;
The fact that Defendant does not contest detention;

I ORDER the Defendant detained.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court takes judicial notice of the Court's file and the information presented at hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

The Defendant is approximately 28 years old. The Defendant resides in Colorado. The Defendant has been charged, by way of indictment, with 22 counts of production of child pornography and one count of possession of such. As to counts 1-22, Defendant faces a possible sentence no less than 15 years in prison and no more than 30 years.

Furthermore, there exists a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if probable cause exists to believe that the offenses occurred. This matter is proceeding by way of indictment, probable cause thus having been established. No evidence has been produced pursuant to 18 U.S.C. § 3142(e) to in any fashion overcome the rebuttable presumption.

As a result, after considering all of these factors, I find by a preponderance of the evidence that Defendant is a flight risk and I conclude that there is no condition or

combination of conditions for release which will reasonably assure the Defendant's appearance for Court proceedings.

As a result, after considering all of these factors, I find by clear and convincing evidence that Defendant is a danger to the community and I conclude that there is no condition or combination of conditions for release that will assure the safety of any other persons and the community.

Accordingly, it is hereby

**ORDERED** that Defendant is detained as a flight risk.

**ORDERED** that Defendant is detained as a danger to the community.

**ORDERED** that Defendant shall be committed to the custody of the Attorney General or his designee for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal. It is further

**ORDERED** that Defendant shall be afforded reasonable opportunity for private consultation with counsel. It is further

**ORDERED** that upon an order of a Court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with any Court proceeding in this matter.

In accordance with the provisions of the Bail Reform Act, if at any time before trial the judicial officer determines that information exists which was not known at the time of the detention hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, the detention hearing may be reopened (18 U.S.C. § 3142(f)).

Dated April 14, 2015.

BY THE COURT:

/s/ Gordon P. Gallagher
Gordon P. Gallagher
U.S. Magistrate Judge