**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 15-cr-00152-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LUIS ALFONSO ARAGON GALLEGOS,

    Defendant.

## PROTECTIVE ORDER

THIS MATTER comes before the Court upon a motion by the Government for a protective order. The Court, being fully advised, enters the following findings and order:

1.     The privacy protection measures set forth in the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply to this case.

2.     The Act affords certain protections to child victims and child witnesses, including requiring the parties and other personnel to maintain the confidentiality of any documents that disclose the name or any other information concerning a child, maintain the confidentiality of the minor victim's identity in all public filings and court proceedings, and file under seal without the necessity of a Court order any filings that disclose the identity or other personal information of the minor victim. *See* 18 U.S.C. § 3509(d).

3.     Due to the nature of the case, including the alleged production of child pornography involving a victim identified in the Indictment as "Minor # 1," and the alleged possession of other child pornography, the Court finds that there is a significant possibility that

disclosure to the public of the names or other information concerning any minor victims or witnesses in this case would be detrimental to the minors.

4. The Defendant does not object to the entry of a protective order with the terms and conditions outlined below.

Good cause appearing, the Court hereby ORDERS as follows:

A. All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B) shall, at trial and during any and all pre-trial and post-trial proceedings in this case, refer to any minors involved by a pseudonym such as "Minor #1" for each such minor.

B. All documents that disclose the name or any other information concerning a child shall be kept in a secure place to which no person who does not have reason to know their contents has access, pursuant to and in compliance with 18 U.S.C. § 3509(d)(1)(A)(i).

C. All documents that disclose the name or any other information concerning a child or the information in them that concerns a child shall be disclosed only to persons who, by reason of their participation in the proceeding, have reason to know such information, pursuant to and in compliance with 18 U.S.C. § 3509(d)(1)(A)(ii). Specifically:

i) The discovery produced by the Government may be viewed only by defense counsel, the Defendant, and members of the defense team, including any defense investigators and staff, as necessary for the purposes of preparing a defense in this particular case.

ii) No discovery materials that disclose the name or any other information concerning a child (including any depictions of the

        child) shall be provided to the Defendant. The Defendant may be allowed to review the discovery materials referenced in this paragraph, but only while in the direct presence of defense counsel or members of the defense team, including any defense investigators and staff.

D.     All papers to be filed in Court that disclose the name or other information concerning a child shall be filed under restriction without necessity of obtaining a Court order.

E.     Counsel for the Government and counsel for Defendant shall provide one another with an unredacted copy of any redacted pleading filed in this case, provided that such pleading is not filed *in camera*.

F.     Defense counsel shall ensure that members of the defense team will read this Order and are informed of their responsibility to safeguard the above-referenced information.

G.     A copy of this Order shall be kept with the discovery materials at all times.

Dated this 22nd day of April, 2015

                        BY THE COURT:

                        *[signature]*

                        Hon. R. Brooke Jackson
                        U.S. District Judge